MEMORANDUM *
Beth Creighton filed a putative class action alleging that Blockbuster, Inc., a movie rental company, violated the Oregon Unlawful Trade Practices Act and engaged in fraud when it advertised the “End of Late Fees” but still charged customers a “restocking” fee for late movie returns. Blockbuster appeals the district court’s denial of its motion to compel arbitration pursuant to an arbitration clause in the membership agreement. Because the class action waiver in the arbitration agreement is unenforceable and, as the parties agree, unseverable, we affirm the decision of the district court.
A class action waiver in a consumer contract where plaintiffs’ damages are likely to be small is substantively unconscionable under Oregon law. Vasquez-Lopez v. Beneficial Oregon, Inc., 210 Or.App. 553, 152 P.3d 940, 949-51 (2007). In such a case, Oregon law does not require that the agreement also be procedurally unconscionable; adhesion alone is sufficient to preclude enforcement of the substantively unconscionable class action waiver. See Chalk v. T-Mobile USA, Inc., 560 F.3d 1087 (9th Cir.2009). Oregon courts have not suggested that a substantively unconscionable contract of adhesion can be enforced if the plaintiff is sophisticated or has access to market alternatives. Accordingly, we reject Blockbuster’s argument that its class action waiver is enforceable because Creighton is a plaintiffs’ lawyer who could have rented a video from a different rental company.
Appellee’s motion to strike certain portions of appellant’s opening brief is denied as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.